**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANA MIRIAN AGUILAR PINEDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-474 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *Warden Moshannon* | ) | |
| *Valley Processing Center, et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Ana Mirian Aguilar Pineda ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on March 18, 2026, (ECF No. 1), and a Motion for Temporary Restraining Order ("TRO") on the same day (ECF No. 2). On March 19, 2026, the TRO was denied because it sought relief that was outside the jurisdiction of the Court (ECF No. 5). On March 20, 2026, the Court ordered service of the Petition (ECF No. 6). On March 31, 2026, Respondents, in a Notice of Suggestion of Mootness (ECF No. 12), informed the Court that Petitioner had been removed from the United States on March 24, 2026. ECF No. 12, p. 1. Respondents further state that Counsel for Petitioner agrees that removal occurred and therefore this matter is now moot.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to

1

be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's removal, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 1st day of April, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2